**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RAYMOND ANTHONY GIBSON, JR., : | Civil No. 12-4077 (NLH) |
| Plaintiff,       : | |
| v.           : | **OPINION** |
| SHOPRITE, et al.,        : | |
| Defendants.      : | |

**APPEARANCES**:

    RAYMOND ANTHONY GIBSON, JR., Plaintiff <u>Pro</u> <u>Se</u>
    VOA Liberty House
    510 Liberty Street
    Camden, NJ  08104

**HILLMAN, District Judge**:

    Plaintiff Raymond Anthony Gibson, Jr., a prisoner[1] who is presently confined at a halfway house in Camden, New Jersey, seeks to file a Complaint without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915. Having screened Plaintiff's Complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the Complaint for lack of jurisdiction.

---

    [1] According to the online inmate locator of the New Jersey Department of Corrections, Gibson remains in their custody as of October 3, 2012. <u>See</u> N.J. Dep't of Corrections, Inmate Locator, https://www6.state.nj.us/DOC_Inmate/details?x=1074814&n=0 (Oct. 3, 2012).

## I.   BACKGROUND

Raymond Anthony Gibson, Jr., brings this Complaint against Shoprite supermarket in Evesham Township, New Jersey, and five of its employees, i.e., Ben Rothberg, Marc Huber, Michael Kennedy, Harshil Desai, and Robert Cecheg.  (Dkt. 1 at 3.)  Gibson asserts the following facts in the Complaint:

> On 10-3-10 at 4:24 pm a Shoprite employee called 911 in regards to a suspected shoplifter exiting the store. Subsequently the plaintiff was confronted in the Shoprite vestibule by los[s] prevention employee Marc Huber.  Huber bumped plaintiff, feeling for concealed merchandise.  Plaintiff informed Huber that he didn't have anything.  Huber responded "It doesn't matter we're going to beat you like you stole something!"  At this time he signaled to a group of men congregating in front of the store.
>
> On 10-3-10 at 4:25 pm seeing the signal from Huber; Ben Rothberg, Harshil Desai, Robert Celneg [sic] and Michael Kennedy ran towards the exit door.  Fearing violence the plaintiff attempted to exit the store and get out of harms way but was tripped from behind by defendant Marc Huber.  As plaintiff stumbled he was immediately tackled and brought to the ground by defendants, B. Rothberg, H. Desai, R. Celneg [sic] and M. Kennedy.
>
> On 10-3-10 at 4:26 pm five feet from the exit door the defendants pinned plaintiff face down on the ground and proceeded to assault plaintiff after he was down. Blows to the head and ribs were delivered as plaintiff's right arm was twisted behind his back causing extreme pain.
>
> The weight of the defendants on top of plaintiff became overwhelming and plaintiff told defendants he could not breath[e].  Plaintiff[']s pleas for mercy were ignored, the assault was continued and plaintiff lost consciousness.
>
> On 10-3-10 at 4:30 responding officer Andrew Dougherty arrived to find plaintiff face down on the pavement

> with defendants still on top of him.  After assessing the situation . . .
>
> On 10-3-10 at 4:41 officer of the Evesham Township Police called a ambulance for the plaintiff.
>
> On 10-3-10 at 4:48 the EMS arrived and plaintiff was transported to Virtua Hospital in Marlton N.J. where plaintiff was treated for bruised ribs and head tra[u]ma.

(Dkt. 1 at 7-8.)

For violation of his constitutional rights, Plaintiff seeks "a monetary award of $1,500,000.00 for compensatory, punitive and nominal damages [and] a declaratory judgement regarding defendants['] los[s] prevention policies."  (Dkt. 1 at 9.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).

3

Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing subject matter jurisdiction must be alleged in the complaint. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152

4

(1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

   (1) Diversity Jurisdiction

Congress has given district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed.  See Smith v. Sperling, 354 U.S. 91 (1957); see also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought") (citation and internal quotation marks omitted).  This time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal."  Grupo Dataflux, 541 U.S. at 571.

In a diversity action, the complaint must set forth the citizenship of each party, such that the existence of complete

5

diversity is demonstrated on the face of the complaint.[2]  See Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins. Co., 224 F. 3d 139, 141 (2d Cir. 2000) ("The failure to allege [a party's] citizenship in a particular state is fatal to diversity jurisdiction); Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F. 3d at 58 ("When the parties allege residence but not citizenship, the court must dismiss the suit"); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F. 2d 15, 16 (5th Cir. 1979) (plaintiff "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states").  In addition, the party asserting diversity jurisdiction bears the burden of establishing diversity by a preponderance of the evidence.  See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt, 298 U.S. at 189).

In this Complaint, Gibson does not locate the citizenship of any defendant at the time he filed the Complaint (on or about November 15, 2011, under the "mailbox rule.")  Accordingly, the Complaint fails to establish that this Court has diversity jurisdiction over this matter.

---

[2] Complete diversity means that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 (1996).

(2) Federal Question Jurisdiction

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.[3]  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

---

[3] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999).

Here, nothing asserted in the Complaint plausibly shows that Shoprite or its employees were acting under color of state law when the employees allegedly assaulted Gibson.  The Complaint therefore fails to assert a claim under § 1983.

This Court will accordingly dismiss the Complaint for want of jurisdiction.  Because it is not inconceivable that Gibson may be able to assert facts curing the lack of jurisdiction by filing an amended complaint, this Court will grant leave to file an amended complaint regarding the alleged incident on October 3,

2010.[4]  See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

### V. CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis and dismiss the Complaint.

                                             s/ Noel L. Hillman
                                          **NOEL L. HILLMAN, U.S.D.J.**

Dated: January  2 , 2013

At Camden, New Jersey

---

[4] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].  6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, this Court directs Plaintiff to file an amended complaint that is complete in itself.  Id.